SWEEZEY v. COLLINS ET UX.

1. **Evidence:** ADMISSIBILITY: MATERIALITY.  Evidence that, at the time of the execution of a deed, the grantor read the instrument, spoke of the absence therefrom of the words "more or less," and was informed that "it made no difference," *held,* material and admissible.

2. ———: HEIR: COMPETENCY AS A WITNESS.  In an action upon a note and mortgage by the assignee of decedent, the heir is not disqualified by Section 3639 of the Code from testifying respecting a transaction between defendant and the deceased.

3. **Estoppel:** NEGLIGENCE: IGNORANCE.  A party's ignorance of the truth of the representation made will not remove the estoppel, if his ignorance is the result of gross negligence.

*Appeal from Iowa Circuit Court.*

SATURDAY, JUNE 12.

THIS is an action by plaintiff as assignee of two promissory notes for $500 each, executed by John Collins, and dated April 25, 1868, payable to A. S. Blakeslee or bearer on the first days of May, 1870 and 1871, respectively, and to foreclose a mortgage executed to secure the same.

The defendants, as a counter-claim, allege that the notes were executed to A. S. Blakeslee in part consideration of the sale to defendant, John Collins, of certain real estate, which Blakeslee falsely and fraudulently represented to contain seventy-five acres, when he well knew that said tract contained but sixty-four acres and forty-six and one-half rods.  The replication alleges that Collins well knew when he purchased the land that no survey had been made, and that he purchased the same in bulk, as described by metes and bounds, for the gross sum of three thousand five hundred dollars, be the same more or less than seventy-five acres.  At the December Term, 1872, there was a jury trial resulting in a verdict and judgment for plaintiff for the amount claimed.  Upon appeal to this court, the judgment was reversed for error in the instructions.  See 36 Iowa, 589.

The cause being remanded, plaintiff, on the 19th of Novem-

ber, 1873, filed an amendment to his reply, in substance alleging that before the purchase of the notes he inquired of Collins respecting them, and Collins informed him they were all right; and that he purchased them relying on the representations of Collins.

On the 21st day of November, 1873, there was a second jury trial, resulting in a verdict for plaintiff, which the court set aside.

On the 24th day of April, 1874, the cause was tried by the court, and judgment was rendered for plaintiff for the amount claimed. Defendants appeal.

*Rush Clark*, for appellants,

*Rumple & Lake*, for appellee.

DAY, J.—I. The evidence shows that in the deed to Blakeslee the property was described as "containing seventy-five acres, more or less." The plaintiff introduced Mrs. A. R. Smith, the widow of A. S. Blakeslee, who was present when the deed from Blakeslee to Collins was executed. This witness testified: "Blakeslee read the deed, and spoke of the words, more or less, having been left out, and Mr. Murphy said it would make no difference."

The "defendants moved the court to strike out all that part of the testimony of the witness as to whether Blakeslee read the deed, as to the description of the property in the deed, words left out of the deed, Blakeslee's inquiries and Murphy's replies thereto, for the reason the same are immaterial and not admissible for any purpose, the deed being the best evidence thereof." The court overruled the motion, and this ruling is assigned as error. The evidence is not vulnerable to the objection raised. It is true, the deed, as to the description of the property, is the best evidence, but the witness did not testify as to the description. As to whether Blakeslee read the deed, whether words were left out of it, what Blakeslee's inquiries and Murphy's replies were, the deed furnishes no evidence. The weight of this evidence cer-

*[margin note: 1. EVIDENCE: materiality: admissibility.]*

tainly is not very great. But the court did not err in refusing to strike it out for the reason assigned.

II. Plaintiff introduced M. E. Blakeslee, the son of A. S. Blakeslee, deceased, and asked him to state the conversation he heard between his father and defendant, Collins, about the purchase of the farm. Defendant objected to this testimony for the reason that witness was heir of deceased, and plaintiff derived the notes sued from the administratrix of the estate of the deceased. The objection was overruled, and defendants excepted. The witness testified: "Defendant came to the place about noon, and asked father if he had a farm to sell. He, father, said he had. In reply to his questions, father told him he bought it for, and supposed there were, seventy-five acres in it; that it never had been surveyed."

2. ———: heir: competency as witness.

Defendants' counsel submits the question whether this evidence is competent under section 3639 of the Code of 1873, though, from the tone of his argument, it is apparent that he has not much confidence in the position that this evidence was improperly admitted. It is evident, from an examination of section 3639, that in the cases which it provides for it merely inhibits the examination of the witness in regard to any personal transaction or communication between such witness and a person, at the commencement of the examination, deceased, insane, or lunatic. The witness in question did not testify as to any transaction or communication between himself and the deceased, but in regard to a conversation which he heard between the deceased and the defendant. The section in question does not exclude such testimony.

III. All that remains of the case respects the sufficiency of the evidence to support the judgment. Although the finding of the court is general for the plaintiff, yet we think the clear inference from the whole case is, that the court so found upon the ground that defendant, John Collins, had estopped himself from insisting upon the defense set forth in his counter claim. There is evidence in the case tending to show that plaintiff, before purchasing the notes, saw Collins and asked him if they were all right, and that he said they were. Upon

Sweezey v. Collins.

the other hand, the defendant denies that he had any conversation with plaintiff respecting the notes until after he purchased them. Upon this question there is fairly a conflict of evidence, and the finding of the court is not so opposed to its weight as to justify our disturbing it.

Appellant, however, contends that, if Collins made a statement that the notes were all right, in ignorance of the fact of the deficit in the number of acres, he is not estopped from asserting and relying upon the truth. Citing *Whitaker v. Williams*, 20 Conn., 97; *Taylor v. Ely*, 25 Conn., 258; *Davis v. Davis*, 26 Cal., 23; *Copeland v. Copeland*, 28 Maine, 539; *Danforth v. Davis*, 29 Conn., 107; *Combs v. Cooper*, 5 Minn., 254.

Appellee, upon the other hand, insists that "a party is estopped from contradicting his own representations on the strength of which another has acted, even where such representations were made in good faith and in ignorance of the facts." Citing *Petree v. Futer*, 21 Wendell, 172; *Hills v. Varet*, 3 N. Y. Legal Obs., 105.

We need not now determine which is the better doctrine. It is not controverted by appellant that "a party's ignorance 3. ESTOPPEL: of the truth of the representation made will not negligence: ignorance. remove the estoppel, if his ignorance is the result of gross negligence." See Bigelow on Estoppel, 540, and cases cited.

The land was purchased on the 25th day of April, 1868. The court might well have found that Collins was informed by Blakeslee that the land had never been surveyed. The notes were not purchased until the latter part of March, 1871. The evidence fully warranted the court in concluding that Collins was grossly negligent in remaining for three years ignorant of the actual quantity of the land, and in informing the purchaser of the notes that they were all right. We discover no error in the record.

AFFIRMED.