DAVID SIM, Appellant, v. JOHN RUSSELL *et al.*, Appellees.

**Wills:** CAPACITY OF TESTATOR: EVIDENCE. In proceedings attacking the validity of a will on the ground of the mental incapacity of the testator to make a will, the condition of the testator's health in previous years, and at or about the time the will was made, may be shown for the purpose of showing the impairment of the mental faculties by long and continued illness. (1)

SAME. Where the contestant in such proceeding was the son of the testator, and a legatee for only a nominal sum, and the bulk of the testator's estate was given to persons not related to him or to distant relatives, *held*, that the proponents were entitled to show the financial condition of the contestant as supporting the reasonableness of the will. (2)

SAME: UNDUE INFLUENCE. The reasonableness of the will in such case may be considered, in connection with other circumstances, in ascertaining the actual mental condition of the testator when the will was made, the motives which prompted him, and the influences to which he was subject. (3)

SAME: EVIDENCE. It being stated in the will that the reason for giving
the contestant but a nominal sum was, that he had been given the
use of the testator's farm for many years, and that the same had
been sold to him for one thousand dollars less than the testator had
been offered for it, *held,* that the proponents were properly per-
mitted to show the negotiations between the contestant and the
testator in regard to the sale of said farm. (4)

*Appeal from ¯Jones District Court.*—HON. JAMES D.
GIFFEN, Judge.

### WEDNESDAY, JANUARY 24, 1894.

ACTION to set aside the probate of a will, and to
have the will declared to be void. There was a trial
by jury, and a verdict and judgment for the defend-
ants. The plaintiff appeals.—*Reversed.*

*J W. Jamison* and *W. I. Chamberlain* for appel-
lant.

*Sheean & McCarn* for appellees.

ROBINSON, J.—In the year 1890, John Sim, a
resident of Jones county, died, leaving an estate of the
value of about four thousand dollars. His wife had
died some years before, and the plaintiff was his only
child. In May of the year specified, what purported
to be the last will of the decedent was admitted to
probate. It was executed on the fifth day of March,
1888, and bequeathed to the plaintiff the sum of
twenty-five dollars; to William Orford, the ·sum of
two hundred dollars; to a church, one hundred dol-
lars; to John Russell, one hundred dollars and a walk-
ing stick; and to other persons, pictures and certain
articles of small value. The will provided that the
remainder of the property of the testator should be
divided among two nieces and two nephews, who
resided in Scotland; and appointed John Russell and
William Paul executors. The grounds upon which the

plaintiff attacks the probate of the will are that the notice thereof was insufficient, that the decedent was not competent to make a will at the time the one in question was made, and that it was obtained through undue influence. The plaintiff was married in the year 1871, and from that time until after the death of his father has lived upon and carried on the farm which was his father's home. His mother died in the year 1873, and his father lived with him from that time until the year 1886, when he went to Onslow, and there boarded with Mrs. Walters until he died. The influence which the plaintiff alleges was the wrongful cause of the making of the will, so far as the evidence shows, was exercised, if at all, during the two or three months which preceded the making of the will.

I. The plaintiff was introduced as a witness, and was asked in regard to the condition of his father's health for some years before he died, and especially at the time of the making of the will, and before and about that time; but objections to his answering the question were sustained. It was the theory of the plaintiff that his father's mental faculties had been impaired by long and continued illness to such an extent that he was incompetent to make the will, and that, if he was not incompetent, his mental condition was such that he was easily influenced by others to do what he would not have done if free from such influence. We think the answers of the witness should have been received. The questions did not relate to any personal transaction or communication between him and the decedent, and the answers would have been competent evidence of a material fact. *Severin v. Zack,* 55 Iowa, 28; *State v. Shelton,* 64 Iowa, 338; *Parsons v. Parsons,* 66 Iowa, 755.

II. The appellant complains that the appellees were permitted to show the amount of property he owned when the will was made. Inasmuch as the

plaintiff attacked the will in part because it was unnatural and unreasonable for the decedent to make to his son only a nominal bequest, and to give all the remainder of his estate to more distant relatives, and to persons to whom he was not related, we think it was entirely proper to show the financial condition of the son, as bearing upon the question of the reasonableness of the will. If the son had ample property to support himself and family during their life, that, with other facts, might tend to show that the disposition of property made by the will was not unnatural, and that it was reasonable.

III. The court charged the jury as follows: "Sixteen. The fact, if a fact, that the will is not as you would have made it, is not to control you in arriving at your verdict. However unjust you may regard the will in its provisions, still you are not to set it aside for that reason, nor to let it have any weight with you, unless you find, from the evidence and the instructions, the will is actually invalid because of unsoundness of mind or undue influence." This portion of the charge is justly criticised by the appellant as excluding from the consideration of the jury the alleged unreasonableness of the will. If it can not be considered unless the will is found to be invalid for other reasons, it is clear that it can have no weight; whereas it should be considered, with other circumstances, in ascertaining the actual mental condition of the testator when the will was made, the motives which prompted him, and the influences to which he was subject.

IV. The appellees were permitted to show negotiations between the plaintiff and his father in regard to the sale of a farm by the latter to the former, made in January, 1888. The will recites, as reasons for giving the plaintiff but twenty-five dollars, that the testator had given the use of his farm to the plaintiff for many years without exacting any specific rent therefor, that

the farm had been sold to the plaintiff for one thousand dollars less than the testator was offered for it, and that the plaintiff had been given all the personal property which the testator owned on the farm. Evidence had been offered on the part of the plaintiff which tended to show that he had given for the farm all it was worth, and that the testator was not competent to make a will at about the time of the sale, and only a short time before the will was made. The testimony in regard to the negotiations for the purchase of the farm tended to show that the decedent had been offered for the farm one thousand dollars more than the plaintiff paid for it, and that he was regarded by the plaintiff as competent to transact business. Although the testimony may not have been very satisfactory nor of great value, yet we think it was properly received, as tending to sustain the will.

V. It is urged by the appellees that the errors we have pointed out were not prejudicial. It is true, several witnesses testified to the physical condition of the decedent during several years preceding his death, and there was but little controversy in regard to the facts which the rejected evidence of the plaintiff was apparently offered to establish. If there were no other error in the case, we might not find it necessary to disturb the judgment of the district court. It is said there was no evidence that the will was the result of undue influence; that no questions in regard to the reasonableness of the will could have been considered by the jury; therefore, that the error was without prejudice. It must be admitted that the evidence in regard to improper influence is entitled to little, if any, weight. The will appears to have been made much as the father intended for many years to make it, as indicated by former wills, and letters he had written to relatives. But the plaintiff alleges in his petition, and introduced evidence to show, that the decedent was not of sound

mind when the will in question was made. The error in the charge is presumed to have been prejudicial, and we can not say that the presumption has been overcome.

VI. Numerous questions have been presented by counsel which need not be determined. What we have said disposes of the controlling ones involved in the case. For the errors shown, the judgment of the district court is REVERSED.