114  641
p128 726

CHLORETTA BROOKS, Appellant, ·v. THE CITY OF SIOUX CITY.

**Opinion Evidence:** CONDITION OF SIDEWALK. In an action against a city for injuries caused by an alleged defective sidewalk, it was proper to refuse evidence of plaintiff's witness that the walk was in bad condition, and yet admit evidence by the defendant that the walk was in good and sound condition, since to state that the walk was defective was to announce a conclusion, while to say that it was sound was to state a fact.

HYPOTHETICAL QUESTIONS. Hypothetical questions asked experts are not objectionable because they do not embody all the facts shown by the record.

**Assignment of Errors:** REFERENCE TO ABSTRACT: *Definiteness.* Where error is assigned on rulings in the introduction of evidence, and the reference to the page of the abstract on which the alleged ruling is shown is left blank, and there is no other sufficiently definite reference, the alleged errors will not be reviewed on appeal.

OBJECTIONS: *Made after answer.* Where objections to questions asked on the trial were interposed after the answers had been given, it was not prejudicial error to allow the witness to complete his testimony on the subject.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, OCTOBER 14, 1901.

ACTION for personal injuries alleged to have been received by reason of a defective sidewalk. Judgment on verdict for defendant. Plaintiff appeals.—*Affirmed.*

*Bevington & Kennedy* and *A. H. Burton* for appellant.

*F. E. Gill* for appellee.

McCLAIN, J.—While there is a general assertion in appellant's argument that the instructions were erroneous, VOL. 114 Ia—41

and that the verdict is without support in the evidence, the only assignments argued are those based on rulings in the introduction of evidence. Of these there are 59, in all of which, save 4, the reference to the page of the abstract on which the alleged ruling is shown is left blank, and there is no other sufficiently definite reference. The rulings which are sufficiently referred to are correct.

The objections of appellant to the questions asked were interposed after the answers had been given. After the witness had thus been allowed, without proper objection, to open up the matter, it was certainly not prejudicial error to allow him to complete his testimony on the subject.

Without regard to the indefiniteness of the assignments, we may, perhaps, properly make the following suggestions as to the errors most strongly urged. A witness for plaintiff was not allowed to say that the walk in question was, prior to the accident, in bad condition, while a witness for defendant was allowed to say that it was a good and sound walk, and the boards were good and sound boards. It seems to us plain that these rulings were correct. To state that the walk was defective was to announce a conclusion. The witness should have pointed out the condition which rendered it defective. But, on the other hand, to say that the walk was sound and in good condition was a statement of fact. It would be impossible for a witness to describe the absence of defects which constituted soundness and good condition. Many objections are made to hypothetical questions asked of expert medical witnesses, on the ground that they do not embody all the facts as shown by the record, but it is well settled that a hypothetical question is not improper simply because it includes only a part of the facts in the record. Rodgers, Expert Testimony (2d Ed.), section 65; Underhill, Evidence, section 273; Jones, Evidence, section 373.— Affirmed.