IN RE ESTATE OF THEODORE MUNIER, Deceased, LOUISA
    MUNIER, LUCY MUNIER and GEORGE MUNIER v. EU-
    GENE C. MICHEL, JOSEPHINE L. METCALF and ELIZA
    M. LEVASSEUR, Appellants.

Wills: CONTEST: MENTAL INCAPACITY: INSTRUCTION. Where the con-
1    testant of a will relied to a large extent upon evidence of the al-
    leged paralysis of the testator as tending to render him incapable
    of making a will, and there was also other evidence of mental
    weakness upon which the contestants relied, it was error for the
    court to instruct that unless the jury found the contestant to
    have been affected by the stroke of paralysis the will must be
    sustained.

Evidence: HYPOTHETICAL QUESTIONS: INSTRUCTION. While all the
2    facts stated in a hypothetical question must have support in the
    evidence, still it is not necessary that the question cover the
    whole case; and an instruction that the jury might disregard
    the testimony of experts to whom the question was propounded,
    unless it found that all the facts were covered by the question
    was erroneous.

*Appeal from Linn District Court.*—HON. MILO P. SMITH,
                            Judge.

                THURSDAY, MAY 5, 1910.

    THE defendants contested the probate of the will of
Theodore Munier. There was a verdict and judgment
for the proponents, and the defendants appeal.—*Reversed.*

    *C. E. Wheeler, J. H. Preston, F. L. Anderson,* and
*W. F. Fitzgerald,* for appellants.

    *Voris & Haas* and *Jamison & Smyth,* for appellees.

    SHERWIN, J.—Theodore Munier died in August, 1908,

at the age of eighty-one. He left surviving him a widow, his third wife, and five children, two of whom were born to his first wife, and one who was born to the second wife, and two children of his third wife. He left an estate of the value of about $90,000, and a will devising to each of his three older children $500, to his wife the use of the rest of his estate during her life, in lieu of her distributive share, and to the two youngest children the remainder of the estate after his wife's use thereof, in equal shares. The widow and her two children offered the will for probate, and the three children by the former marriages contested the probate thereof on the ground of mental incapacity and undue influence. After the evidence had been received, the court took the question of undue influence from the jury and submitted to it only the question of mental incapacity when the will was made in October, 1904.

There was evidence tending to show that during his entire adult life the deceased had been an habitual user of intoxicating liquors at his home, and that such use would have a tendency to weaken his mental strength. There was also evidence tending to show that the deceased was mentally unsound from the year 1902 until his death in 1908, and that in 1902 he had a stroke of paralysis, from which he never fully recovered. While the contestants relied to a great extent on the alleged paralysis of 1902, it was not the sole ground upon which they based their claim of incapacity when the will was made. It was therefore error to instruct that, unless it was found that the deceased had a stroke of paralysis in 1902, the will must be sustained.

1. WILLS: contest: mental incapacity: instruction.

The contestants used several physicians, who testified in answer to a hypothetical question that the deceased was of unsound mind when he executed the will. The hypothetical question was long, and omitted some parts of

the evidence which, might have been of benefit to pro-
ponents if included therein.  The trial court
instructed that, if the facts were all substan-
tially stated in the hypothetical questions put
to the medical experts, the jury might consider such tes-
timony, and said: "But in any case where a hypothetical
question is not a correct statement of the facts then in
such a case you are warranted in wholly disregarding the
answer."  It is not necessary to state all of the facts in
a hypothetical question.  The facts stated must appear
and have support in the evidence, but the party propound-
ing the hypothetical question is not required to cover the
whole case.  *Bever v. Spangler,* 93 Iowa, 576; *Allison v.
Parkinson,* 108 Iowa, 154.  It is manifest that the jury
would understand from the entire language of the in-
struction that it might disregard the testimony of the
contestants' medical experts, unless it was found that all
of the facts were covered by the hypothetical questions,
and this was in our judgment very prejudicial to the
contestants.

The margin note reads: 2. Evidence: hypothetical questions: instruction.

The alleged inconsistency between instructions four
and six and seven is sufficiently covered by what we have
said about the sixth instruction.

Criticism of other instructions need not be further
noticed.

It is urged that many errors were committed in rul-
ing on the receipt of testimony.  Some of the testimony
offered by the contestants in their main case which was
excluded would undoubtedly have been competent in re-
buttal, but there was nothing in the record at the time
of the rulings which so indicated, and, in the main, we
think the rulings correct.  At any rate, the doubtful rul-
ings are not likely to again occur.

The appellees seriously contend that there should be
no reversal, whatever errors may appear, for the reason
that there is no substantial evidence of mental incapacity

or of undue influence. We can not agree with the contention, however, and the judgment must be reversed for the errors pointed out.—*Reversed.*