GEORGE ROBERTSON, Appellee, v. CITY OF WAUKON, Appellant.

**Municipal Corporations:** SIDEWALKS: CONTRIBUTORY NEGLIGENCE. In
1   this action for injury caused by a hole in the sidewalk from which
a post had previously been removed, the fact that plaintiff himself
sometime previously removed the post was not material, further
than to show his knowledge of the condition of the walk and the
danger naturally to be apprehended; as in merely removing the
post he was not guilty of negligence as a matter of law.

**Evidence:** CONCLUSIONS: DISCRETION. The inquiry by plaintiff of a
2   witness in an action for a sidewalk accident, if in passing over the
walk he had noticed any defects therein, is objectionable as calling
for a conclusion; but is less so when coming from the city for
the purpose of showing negatively that there was nothing unusual
or noticeable in the condition of the walk, and the permission of
the inquiry by the city is within the discretion of the court.

**Appeal:** EVIDENCE: OBJECTIONS: REVIEW. Where testimony upon a
3   former trial is read by agreement, the terms of which do not
appear, it is the duty of the appellate court to pass upon objections
to evidence as though the rulings were made upon the oral exa-
mination of the witness, where it is not claimed that the objection
violates the agreement.

*Appeal from Allamakee District Court.*—HON. A. N. HOB-
SON, Judge.

TUESDAY, MAY 7, 1912.

ACTION for damages for personal injuries resulting
from an alleged defect in the sidewalk. There was a ver-
dict and judgment for the plaintiff, and defendant ap-
peals.—*Affirmed.*

*H. H. Stilwell, Dayton & Dayton,* and *H. L. Dayton,*
City Solicitor, for appellant.

*Stilwell & Stilwell* and *Wm. S. Hart,* for appellee.

EVANS, J.—The case was before us upon a former appeal. 138 Iowa, 25. Reference may be had to such former opinion for many of the details of facts. The case was before us at that time upon the appeal of the plaintiff, against whom a verdict had been directed in the trial court. We held that the case was clearly for the jury, and reversed the order accordingly. It is now contended by appellant that a verdict should have been again directed in its favor, and this is the principal question argued. The trial below was had upon substantially the same testimony as was the original trial; such testimony being read from transcript by agreement of parties. It is argued by appellant, however, that there was sufficient additional testimony adduced on the last trial to support its present position.

I. It appears from the evidence that, in the original construction of the sidewalk, a hole was cut in the boards near to and inside of the outer stringer, because of an upright post which was there located, and

<span>1. MUNICIPAL CORPORATIONS: sidewalks: contributory negligence.</span>

which was being preserved for some purpose. This post in time became rotten, and was removed about a year and a half before the accident, leaving the hole entirely exposed. This continued to be the condition of the walk up to the time of the accident. There was evidence also tending to show that the free end of one of the boards had become split in such a way that a part of the board would yield under weight, and yet it held its place when free from weight. It thus operated as a sort of spring. The theory advanced by plaintiff was that he stepped upon the split end of the board at the hole, and that his foot thereby became pinched. It was developed upon the present trial from the testimony of the plaintiff that he himself was the person who removed the rotten post a year and a half before his injury, and this constitutes the additional testimony relied on by ap-

pellant. It is argued, therefore, that he himself was guilty of the act which resulted in his injury, or at least that he was guilty of negligence contributing thereto. We are constrained to say that the appellant is leaning too heavily upon this circumstance. The record before us could not justify a finding that the removal of the rotten post a year and a half before the injury involved any negligence, either on the part of the plaintiff or any other person. Unless such act on his part was negligence then, it could not of itself become contributory negligence later. The fact that plaintiff removed the post is material only in the sense that it disclosed the plaintiff's knowledge of the existence of the hole and the danger naturally to be apprehended therefrom. But plaintiff's knowledge of the existence of the hole is fully conceded. The effect of such knowledge was carefully explained to the jury by appropriate instructions, of which no complaint is made. This additional testimony is in no sense conclusive as a matter of law. Following our former holding, therefore, the case was still one "clearly for the jury."

II. The following question was put by defendant to certain witnesses: "In traveling over that walk as you have stated, did you ever notice any defects in the walk?" Also: "In passing over, did you ever notice any holes or defects in the walk?" Objection was made to each of these questions, on the ground, among others, that it called for the opinion of the witnesses as to "what constitutes a defect in the walk." The objection in each case was sustained, and appellant complains. The evident purpose of these questions on the part of the defendant was to show that the witnesses had *not* observed any defects in the walk. If such a question were put to the witnesses of the plaintiff for the purpose of affirmatively showing defects, it would be clearly objectionable. *Brooks v. Sioux City,* 114 Iowa, 641; *McMahon v. Dubuque,* 107 Iowa, 62; *Barnes v. Newton,* 46

*2. Evidence: conclusions: discretion.*

Iowa, 567. There is less objection to such form of question when it is put for the purpose of showing negatively that there was nothing out of the ordinary observable in the condition of the walk. However, the objection went to the form of the question alone. Necessarily large discretion must be allowed to trial courts as to such objections. Ordinarily the examiner can adapt himself to the ruling, without any prejudice, by omitting the objectionable term. In this case, the questioner insisted in pressing the word "defect" upon the attention of the witness; the questions above quoted being only two out of several. The trial court was clearly within its discretion in the ruling.

Counsel for appellant were at some disadvantage in adapting themselves to the ruling, because the evidence objected to was being read by agreement from the transcript of the evidence at the former trial. The terms of the agreement under which the transcript was read are not before us. Nor is it claimed that the making of the objection violated such agreement. It is our duty, therefore, to pass upon the ruling precisely the same as though the ruling were made on the oral examination of the witness. The record before us indicates that the objection in each case was fully made at the former trial. There is the further consideration that the evidence was not very material to the defendant; there being substantial unanimity in the testimony on both sides as to the existence of the hole and the split plank. The witnesses did differ as to the extent of such defects. Assuming, then, that the proposed evidence which was ruled out would have shown that these particular witnesses never saw the hole or the split plank, it could have but slight materiality, if any, in the case. No other alleged errors are presented for our consideration.

3. APPEAL: evidence: objections: review.

The judgment of the trial court must therefore be *affirmed*.