JOHN DIESING et al., Appellees, v. MARY E. SPENCER et al., Appellants.

No. 42963.

April 7, 1936.

E. N. Farber, for appellants.

F. E. Northup, for appellees.

Donegan, C. J.—Clara Diesing, an unmarried woman, died on July 1, 1931, leaving a will dated July 29, 1930, which was admitted to probate in the district court of Marshall county, Iowa, on the 25th day of July, 1931. At the time of her death she was 54 years old. Her father and mother had both predeceased her, and at the time of her death her only heirs were her brother, John Diesing; her sisters, Mary E. Spencer, Laura Burt, Annie Blake, Alice Havens, and Lottie Kloos; Sarah Heath, Lillie Hamblin, Florence Cox, Clara La Plant, Louis Schlict, and Blanche Spencer, children of a deceased sister, Louisa Schlict; and Sam Stewart, Edna Fill, and Ralph Stewart, children of a deceased sister, Sadie Stewart. Her estate, as shown by the inventory, amounted to $6,261.28. By the terms of the will left by her, nine-tenths of all her property, after the payment of her debts, was given to her two sisters, Mary E. Spencer and Laura Burt; one-twentieth to her sister, Annie Blake; and one-twentieth to her brother, John Diesing, and her sisters, Alice Havens and Lottie Kloos.

On October 4, 1932, the brother, John Diesing, and the two sisters, Annie Blake and Alice Havens, brought the instant action in the district court of Marshall county, Iowa, to set aside the probate of said will, on the ground that Clara Diesing was a person of unsound mind, and that its execution was induced by undue influence. The defendants, Mary E. Spencer and Laura Burt filed answer, and Mary E. Spencer, as executrix of the estate of deceased, filed a separate answer, denying the allegations of the petition. Upon the trial of the case the issue of undue

influence was withdrawn by the court, and the issue of mental incapacity to execute a will was submitted to a jury, which returned a verdict for the plaintiffs. A motion for new trial was filed and overruled by the court and judgment entered on the verdict. From such judgment, the defendants appeal.

Appellants set out twenty-nine separate allegations of error upon which they rely for reversal. It is impossible to consider each of these allegations of error separately and in detail without extending this opinion to unnecessary length. As many of these separate statements of error are based upon a like error claimed to have been made by the court in separate rulings, we shall group some of these separate statements of error into a single division in this opinion, instead of discussing each numbered allegation separately.

■■■ I. On the trial of the case, the plaintiff, John Diesing, and his wife were witnesses, and testified in regard to the personal appearance of the testatrix, and in regard to things said and done by her. Objection was made to all of this evidence on the ground that the witnesses were incompetent to answer, because the questions called for evidence as to personal communications and transactions with a deceased person. If the evidence thus elicited was in answer to questions calling for personal transactions or communications with the deceased, the objections were good, as were also motions made to strike much of the testimony thus admitted. A careful examination of the record, however, convinces us that the witnesses were not incompetent as to the evidence admitted. Much of this evidence went merely to the personal appearance and actions of the testatrix, and as to these matters the witnesses were, of course, competent under our holdings. Denning v. Butcher, 91 Iowa 425, 59 N. W. 69; Yoder v. Engelbert, 155 Iowa 515, 136 N. W. 522. Other evidence went to statements made by the testatrix in the presence of the witnesses, in conversations in which the witness took no part. Whether or not the witnesses testified truthfully in saying that they took no part in these conversations was, of course, a question for the jury. Under the record as presented, the court was not in error in admitting the testimony, because, as we have frequently held, witnesses who are incompetent, under the Dead Man's Statute (Code 1935, section 11257), to testify as to conversations between the witness and the deceased person, are not incompetent to testify as to statements made by the deceased person

in conversations with other persons, in which the witness took no part. Sweezey v. Collins, 40 Iowa 540; Steen v. Steen, 169 Iowa 264, 151 N. W. 115; Peck v. Foggy, 199 Iowa 922, 202 N. W. 754.

II. Error is alleged in the admission of evidence in regard to the property owned by Mary E. Spencer and Laura Burt, who were the principal beneficiaries under the will, and it is claimed that this testimony was brought out for the purpose of prejudicing the jury. Such evidence was admissible, however, for the purpose of showing the financial condition of the different persons who might have a claim upon the bounty of the testatrix, as tending to show the unreasonableness of the will in failing to distinguish the relative needs of such persons, and as thus being a proper matter for consideration in connection with the question of the mental condition of the testatrix. Sim v. Russell, 90 Iowa 656, 57 N. W. 601; Manatt v. Scott, 106 Iowa 203, 76 N. W. 717, 68 Am. St. Rep. 293; Mileham v. Montagne, 148 Iowa 476, 125 N. W. 664; In re Wharton's Will, 132 Iowa 714, 109 N. W. 492.

III. It is alleged that the court erred in admitting evidence of the witness, Mrs. Diesing, wife of one of the appellees, as to a conversation which she heard between Laura Burt, John Diesing, husband of the witness, and Lottie Kloos, in which the witness testified that Laura Burt said that Clara Diesing, the testatrix, would have to vacate certain rooms in which she had been living. The ground of the alleged error is that the testimony called for was hearsay and not related to any of the issues in the case, and that it was intended to prejudice the jury against all of the appellants; and that, in any event, the appellants, other than Laura Burt, could not be bound by anything the latter said. Appellants argue that statements made by one of several beneficiaries are not admissible in a will contest, because this would result in binding some of the beneficiaries by the unauthorized statement of another. This, no doubt, has been the holding of this court. Where the statements, however, were those of the principal beneficiary under a will, they have been admitted in evidence on the theory that they may be considered as admissions against interest. The statement made by Laura Burt, which was admitted in this case, could in no way be construed as an admission tending to show that she exercised undue influence to bring about the execution of the will, or that she considered the testatrix incompetent to execute it, and, even if she

had been the sole or principal beneficiary under the will, we are unable to understand how her statement in regard to Clara Diesing being required to vacate the rooms which she had occupied could have tended to prove any issue in this case. On the other hand, even though this evidence was hearsay and immaterial, we are unable to see how it could have been so prejudicial as to warrant a reversal because of the error in admitting it.

IV. Objection was made to the testimony of the witness, Mrs. J. L. Diesing, as to a conversation between Lottie Kloos and Clara Diesing, the testatrix, in reference to occupancy of the same rooms referred to in the preceding division, and the same grounds are urged as a basis for the alleged error in the admission of this evidence. In this instance, however, the conversation was with the testatrix, and, even though the evidence would not be admissible as a statement against interest by Laura Burt, it would be admissible as showing statements made by Clara Diesing, the testatrix. Great latitude is permitted in will contests in the introduction of statements made by testator, and they are admissible, not as proof of the facts alleged in such statements, but as tending to throw light on the condition and attitude of mind of the person making them and as bearing on the question of the mental capacity of such person to execute a valid will. Jenkins v. Robison, 194 Iowa 972, 188 N. W. 765; Nixon v. Snellbaker, 155 Iowa 390, 136 N. W. 223. What is here said is also applicable to the alleged errors in admitting the testimony of S. J. Havens and Mrs. M. J. Goodman in regard to conversations between Laura Burt and the testatrix, Clara Diesing.

V. Strenuous objections were made upon the trial of the case to the hypothetical question which the court permitted the appellees to put to expert witnesses who testified for them, and the rulings of the court as to these objections are urged as error on this appeal. The principal ground urged in support of this allegation of error seems to be that the hypothetical question put to the experts failed to embody facts and circumstances as to the conduct of the testatrix upon the occasion of the execution of the will in question, and it is urged that the expert witnesses should not have been allowed to answer unless the question included these facts and circumstances. It may be stated here that in this case none of the nonexpert witnesses was asked for an opinion as to the soundness or unsoundness of the testatrix' mind. In fact, if such question had been asked any of these

witnesses, an objection thereto might properly have been sustained, because it is questionable whether any one of them related facts or circumstances which in and of themselves would furnish a basis for an expression of opinion as to the unsoundness of the testatrix' mind by a nonexpert witness. The theory of this case, however, as presented by the appellees, was that, while the testatrix was not afflicted with any particular disease of the mind itself, "she was suffering from a congenital faulty development of the body and mind, associated with a perverted activity of the internal glandular system of the body, particularly the pituitary and thyroid glands"; that this condition is such that it properly may be deduced by an expert from the life history of an individual; that the hypothetical question propounded to the expert witnesses in this case contained a sufficient life history of Clara Diesing, based on the testimony of lay witnesses as to physical and mental characteristics, changes, and developments from childhood to shortly before her death, to furnish a valid basis for the expression of an opinion by these witnesses; and that the facts stated in the hypothetical questions were such that the expert witnesses could deduce therefrom that, at the time she signed the will in question, Clara Diesing had so deteriorated both physically and mentally that she did not have the mental capacity to execute a valid will. In Bever v. Spangler and Blake, 93 Iowa 576, loc. cit. 602, 61 N. W. 1072, 1080, this court, in discussing the province of a hypothetical question, said:

"In propounding such a question, counsel may assume the facts in accordance with his theory of them. It is not essential that he state the facts as they exist, but the hypothesis should be based on a state of facts which the evidence tends to prove. Under familiar rules of practice, each side has its theory of what is the true state of facts, and assumes that it has or can prove them to the satisfaction of the jury, and, so assuming, shapes hypothetical questions to experts accordingly." See, also, Brooks v. City of Sioux City, 114 Iowa 641, 87 N. W. 682; Morrison v. McLaughlin, 191 Iowa 474, 182 N. W. 671; Munier v. Michel, 147 Iowa 312, 126 N. W. 149; Neal v. Sheffield Brick & Tile Co., 151 Iowa 690, 130 N. W. 398.

We think the statement of facts contained in the hypothetical questions was such that the expert witnesses might prop-

erly express an opinion, founded thereon, as to the soundness or unsoundness of the testatrix' mind. The fact that the hypothetical question did not contain all the facts testified to by non-expert witnesses as to things said and done by the testatrix would not in and of itself make it improper to allow the expert witness to express an opinion based thereon. Moreover, the matters which the appellants complain were omitted from the hypothetical question were fully covered by the appellees' counsel in his cross-examination of the expert witnesses, and the substance of their answers to the questions propounded in such cross-examination was that the omitted matters, which the appellants stress, would not change their opinions. Philpott v. Jones, 164 Iowa 730, 146 N. W. 859.

VI. Finally, it is urged that the court erred in refusing to sustain the appellants' motion for a directed verdict and motion for a new trial, on the ground that there was not sufficient evidence to warrant the submission of the case to the jury. Much is said in this regard as to the unreasonable attitude of the experts and the unsoundness of the conclusions expressed by them. We are satisfied that the record is such that we cannot say, as a matter of law, that there was not a sufficient basis of fact in the hypothetical questions propounded to the experts, so that the opinions given in answer thereto should be excluded, and the weight to be given to such opinions was a matter for the jury. It is also contended that there is no showing that the condition of the mind to which the experts testified existed at the time the will was executed. We are satisfied, however, that the testimony of the experts was sufficient as tending to show a permanent and progressive impairment of mental as well as physical ability, and that, at the time of the execution of the will, this impairment had proceeded to such an extent that the testatrix was, according to the testimony of these witnesses, a person of unsound mind and incapable of executing a valid will.

The rules of this court require that, in briefs and arguments and also in the opinions of this court, when cases are cited, which have been determined by this court and officially reported, reference must be made to the volume and page where the case may be found in the Iowa Reports. A failure to comply with this requirement in one of the briefs filed in this case impels us to suggest that, while the party preparing the brief may thus save

some time and labor, the time and labor thus saved by the attorney is shifted to the court in the preparation of the opinion.

For the reasons given in the opinion, the judgment appealed from is hereby affirmed.—Affirmed.

All Justices concur.