JURGEN THEISEN, Appellee, v. WILLIS DAYTON *et al.*, Appellees; C. J. BYAM, Appellant.

1.   Mortgages of Real Estate: ASSUMPTION BY GRANTEE: PAYMENT: SUBROGATION. A grantee having assumed the payment of several mortgages upon the land conveyed took up the notes secured by one of the mortgages, without having the same indorsed to him, and afterwards transferred them after maturity, without indorsement, to the plaintiff, who brings this action thereon, and for a foreclosure of the mortgage given to secure them. *Held*, that the payment of the notes by the grantee operated as an extinguishment of the debt and mortgage, as against a purchaser under foreclosure of a prior mortgage, and that his assignee took nothing by the assignment, although the same was received without notice of his assignor's assumption of the indebtedness.

2.   Evidence: ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS. Communications by one to an attorney in relation to a proposed employment, but in which the attorney declines to serve, are not within the rule making an attorney privileged from answering communications made to him by his client.

*Appeal from Shelby District Court.*—HON. GEORGE
CARSON, Judge.

SATURDAY, JANUARY 31, 1891.

THIS is an action for judgment on two notes, and
for the foreclosure of a mortgage on certain lands, exe-
cuted by defendant Dayton to A. K. Riley, of which
plaintiff alleges he is the owner. The appellant Byam,
being made a defendant, as having some interest,
answered, denying plaintiff's ownership, and alleging
that the notes were fully paid to Riley. Other allega-
tions in the answer are without any proof to sustain
them, and are, therefore, not noticed. A decree was
entered for the plaintiff, from which the defendant
Byam appeals.—*Reversed.*

*Foss & Stuart,* for appellant.

*E. A. Babcock,* for appellee.

GIVEN, J.—The following facts are established by
the testimony: The notes and mortgages in suit were
executed by Dayton and wife, February 27, 1884, and
became due one year thereafter. The mortgage was
junior to one executed by Dayton and wife to appellant
and to one prior thereto securing two thousand dollars.
Dayton executed to Riley, as further security for the
three hundred dollars named in the notes, his mortgage
on certain chattel property. On January 18, 1886, Day-
ton sold the mortgaged property to one John Dierks,
and conveyed the land by quitclaim deed for the con-
sideration of one hundred dollars, Dierks assuming and
agreeing to pay the mortgage debts. October 21, 1886,
Byam took a decree foreclosing his mortgage, in an
action wherein Dierks was a party, and purchased the
land at execution sale for twelve hundred and twenty-
two dollars and ninety-two cents, and before the com-
mencement of this action received a sheriff's deed
therefor. February 9, 1887, Dierks conveyed the land

by quitclaim deed to appellant, in consideration of two hundred and ninety-seven dollars and part of the chattel property, and surrendered possession to him. At some time after his purchase from Dayton, Dierks took up the notes in suit from Riley without any indorsement thereon, and thereafter transferred them, after due, without indorsement, to the plaintiff Theisen, in payment of a debt; Theisen taking them without notice of Dierks' agreement to pay them.

While it does not appear exactly when or how Dierks took up the notes from Riley, there is no doubt but that he did so, and we presume that it was by payment in money or other acceptable satisfaction to Riley. It is evident from the testimony of Warren Gammon, and from the circumstances, that Dierks intended and attempted, as he expressed it, "to keep this mortgage alive," and make the land still chargeable therewith, and that Riley was retained by him as his attorney, to assist in doing so, and that the mortgage was left open and unsatisfied on the record for that purpose. It does not appear whether Byam knew of Dierks' agreement to pay the notes or not, at the time he purchased from Dierks. The value of the land is shown to have been about thirty-five hundred dollars, and the cost thereof to Byam was thirty-four hundred and ninety-nine dollars and ninety-two cents, being the amount of his own and of the prior mortgage and the two hundred and ninety-seven dollars paid to Dierks.

I. It will be seen from the foregoing statement of facts that this controlling question is whether the payment of the notes to Riley by Dierks is a satisfaction thereof as to the plaintiff Theisen. That it is a satisfaction as to Dierks can hardly be questioned; for, by his agreement to pay the mortgage debts, he became primarily liable therefor; it became his duty to pay the debts absolutely and before all others. He did not stand in the relation of one secondarily liable, and, therefore, was not entitled, upon payment, to be subrogated

1. Mortgages of real estate: assumption by grantee: payment: subrogation.

to the rights of the mortgagee. 3 Pom. Eq. Jur., sec. 1213; 2 Pom. Eq. Jur., sec. 797; *Johnson v. Walter*, 60 Iowa, 315; 1 Jones, Mortgages, secs. 740, 741, 943. It is very clear that the payment to Riley was an extinguishment of the notes and mortgage, and that Dierks could not recover thereon.

It is contended on behalf of appellee Theisen, that, as he took the notes and mortgage for value, and without notice of Dierks' agreement to pay the same, he took them free from any defense arising out of that agreement, though taken after maturity. *Crosby v. Tanner*, 40 Iowa, 136, and *Blake v. Koons*, 71 Iowa, 356, are relied upon. The first case was a contention as to the priority between two mortgages, the first being from G. K. Tanner to Frances B. Tanner, and the second from C. K. Tanner to defendant Melhop. Melhop accepted his mortgage upon an agreement by the first mortgagee to cancel that mortgage, which he failed to do, but transferred the note to one Baker before maturity, who afterwards indorsed it to the plaintiff; neither Baker nor the plaintiff having knowledge of the agreement to cancel the first mortgage. It was held that the rule as to the transfer of negotiable instruments after maturity, and of choses in action, was not applicable to the case, "for the reason that the equities, which survive the assignment, are those which are between the parties to the instrument, and not those between the assignor and one not a party." The reason given for the rule is that "the assignee can always go to the debtor, and ascertain what claim he may have against the bond, or other chose in action, which he is about purchasing from the obligee; but he may not be able, with the utmost diligence, to ascertain latent equities of some third person against the obligee. He has no object to which he can direct his inquiries. Two marked distinctions are obvious between that case and this: In that the agreement was not with the debtor, as in this, and, for aught that appears, the debtor did not know of the agreement. In that case there was no extinguishment of the debt and satisfaction

of the mortgage by payment, as in this ; neither did the agreement make any change as to the party primarily liable.

*Blake v. Koons* was an action on notes and mortgage executed by Koons, and held by plaintiff under an assignment to his intestate after maturity. Defendant Masden had signed a note as security for Koons, given for part of the purchase price of the mortgaged premises prior to the mortgage. In an action on that note, it was determined that the vendor was not entitled to a lien, and judgment was entered against Koons and Masden, which was satisfied by a sale of the premises on execution to Masden, upon which he received a sheriff's deed. In the case cited, Masden claimed that, having paid the debts, he was entitled to be subrogated to the rights of the vendor, and to have a vendor's lien ; but the court held that it was adjudged in a former case that the vendor was not entitled to a lien. The court says : "As the intestate purchased the notes after maturity, she took them subject to existing equities in favor of the maker. But appellant was not a party to the contract. He is a subsequent purchaser of the mortgaged premises, but purchased with notice of the mortgage, and the question is whether he is in a position to plead, as against an assignee of the notes, the infirmity of the contract."

It is contended on the authority of this case, not only that appellee held the notes in suit free from defense based upon Dierks' agreement to pay them, but that the appellant Byam is not entitled to defend by virtue of that agreement ; that, having purchased with knowledge of the mortgage, he must be held to have taken subject thereto ; and that the presumption is that the amount of the mortgage was deducted from the purchase money. Such presumption is completely rebutted by the evidence as to the value of the land and the price paid. *Powell v. Smith*, 30 Mich. 451, is also cited. It is sufficient to say of that case, and of the two last mentioned, that it did not appear in either that there had been payment and full satisfaction of the debt and

mortgage, as in this case. Those were questions of priority; this is of payment and satisfaction. The debt having been fully paid before the transfer of the notes to appellee, he took nothing by the assignment.

II. We have rested our finding of facts somewhat upon the testimony of Warren Gammon, examined on

behalf of appellant, to all of which appellee objected on the grounds that it was as to communications to him as an attorney, by his client. The testimony was taken subject to the objection. It appears that Mr. Gammon was employed by Dierks to draw the conveyance from Dayton to Dierks, and that Dierks sought to retain him for the purpose of "keeping the mortgage alive," but that Gammon declined the employment for that purpose. What was said by Dierks was not in connection with the conveyance, but his proposed further employment, and was not communicated while the relation of attorney and client existed. We think the objections were not well taken.

2. EVIDENCE: attorney and client: privileged communications.

Our opinion is that the judgment of the district court must be reversed, and a decree entered dismissing the plaintiff's petition.   REVERSED.