GEORGE W. TOMS *et al.*, Appellants, v. ELIZABETH C.
BEEBE *et al.*

Attorney and Client: Confidential Communication. A state-
ment made to a lawyer by one for whom he had drawn certain
releases, and made after the releases were drawn, that they belonged
to the grantee in them and that said grantee wished the lawyer to
keep them in his safe, is not a confidential communication within
Code, section 3643.

*Appeal from Linn District Court.*—HON. JAMES D.
GIFFEN, Judge.

MONDAY, MAY 14, 1894.

THE plaintiffs are the executors of Herman Foster,
deceased, who died testate on the fifteenth day of
January, 1892. The defendant, Elizabeth C. Beebe,
on the fourth day of April, 1884, made her two notes
to Samuel N. Goodhue for two hundred dollars each,
and secured the same by mortgage on two lots in Mar-
ion, Iowa. On the tenth day of January, 1885, she
made her promissory note to Herman Foster for three
hundred dollars, and also secured it by mortgage on
the same lots. The two notes to Goodhue were
assigned to Foster during his lifetime. In June, 1891,
Foster executed a release of each mortgage, and a few
days after his death they were filed for record by
Elizabeth C. Beebe. This action is to cancel the
releases, as being executed without consideration, and
obtained by undue influence, and to reinstate and fore-
close the mortgages. The district court dismissed the
petition, and the plaintiffs appeal.—*Affirmed.*

*Davis & Voris* and *Mills & Keeler* for appellants.

*Milo P. Smith* and *W. F. Fitzgerald* for appellees.

Granger, C. J.—Herman Foster, at the time of his death, was a man about eighty-three years of age, and he occupied a room in the house of Mrs. Beebe. J. M. Gray is a practicing attorney at Marion, Iowa, and was the attorney and legal adviser of Foster. The releases were executed in the office of Gray in June, 1891, and taken away by Foster. In a short time afterward, Foster brought them back, in a sealed envelope, which he handed to Gray without disclosing its contents, and said to Gray that it contained papers belonging to Mrs. Beebe, and that she wanted to know if he (Gray) would not keep them in his safe for her. Gray took the envelope, and marked Mrs. Beebe's name on the outside of it, and placed it in the safe. After Foster's death, Mrs. Beebe sent for the envelope, and Gray took and delivered it to her, and she sent the releases to the office for record. These facts are shown by the testimony of Gray, who also said that he wrote the body of the releases at the time of the execution, and that, when Foster brought back the releases, he brought, and left with Gray, his will, to be disposed of in case of his death, as the law directs. Mrs. Beebe testified that, soon after the releases were made, Foster had them at her house; that she had them in her hands, read them, and handed them back to Foster, who took them away.

There is an evident purpose, in taking this testimony of Mrs. Beebe, to avoid any statement by her of a conversation or transaction between her and Foster, because of the prohibition of Code, section 3639, but it is urged that even what she did say comes within the prohibition. Mrs. Beebe's claim is that the releases were made—*first*, because of Foster's occupancy of her

house, and her care and attention to him; and, *secondly*, as a gift. The testimony objected to would go only to the question of a delivery of the releases; and, disregarding that testimony, we think a delivery quite conclusively appears, unless the testimony of Mr. Gray comes within the statutory prohibition, and this is claimed on two grounds—*first*, under the provisions of section 3639; and, *second*, under section 3643. Clearly, the testimony is not incompetent under section 3639, and the point does not seem to be seriously urged. The other section (3643) is with reference to confidential communications to anattorney; and by that section he is prohibited from revealing them in evidence when "intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." The execution of the releases is a conceded fact in the case, independent of the testimony of Mr. Gray. When they were taken to the office, and left, by Mr. Foster, the conversation with reference to the envelope and its contents was not of a professional or confidential character. Foster but stated to Gray a request or wish of Mrs. Beebe. It does not appear to have been a matter of his own concern. The language of the witness, after stating the directions as to the will, is: "The other, he said, was papers that belonged to Mrs. Beebe, and she wanted to know if I would keep them in my safe for her." The testimony was clearly proper. From the statement, it appears that the papers then belonged to Mrs. Beebe; and the conclusion is that the requirements of the law had been observed, to make them hers, and that they had been intrusted to Foster to deliver to Gray. There is not a particle of testimony to overcome this plain admission of Foster, nor the necessary conclusion from both his words and acts. He stated that the releases were hers, and he left them in Gray's possession as

hers. It is not important that we should inquire whether they were executed as a gift, or upon consideration. Either would be valid. There was nothing in his condition of age or infirmity to make him incompetent for such a transaction, and it appears that he felt for her a degree of gratitude, for providing for him comforts in his old age, that he felt for no others. The judgment of the district court is AFFIRMED.