# A. P. CHILDS v. J. E. MERRILL.

## January Term, 1894.

*Examination of adverse party. Evidence tending to crimi-
nate. Privilege. None when statute bars prosecution.
Privileged communication. Question for the court.
Presumption of innocence. Charge of court.*

1.  Under R. L., s. 1009, a party, when called as a witness by
    the other party, may be asked and compelled to answer
    leading questions.

2.  A party may be compelled, in support of his adversary's case,
    to testify to facts which show him guilty of the commission
    of a crime, provided at the time the evidence is elicited,
    the statute of limitations has become a bar to a prosecution
    for that crime.

3.  In such case the party may be inquired of whether upon a
    former occasion and before the statute had become a bar,
    when called upon to testify as to the same matters, he
    claimed and was allowed his privilege, and such fact, when
    admitted by the party, is properly commented upon by
    counsel and submitted to the attention of the jury by the
    court as a circumstance tending to prove the fact.

4.  Whether a communication is privileged as being between at-
    torney and client is a preliminary question for the trial
    court, whose decision cannot be revised by the supreme
    court.

5.  A lawyer who is employed by two persons as a mere scrivener
    to draw a deed from one to the other, is not an attorney
    within the rule that communications made in the course of
    such employment are privileged.

6.  When in the trial of a civil cause, a party is charged with the
    commission of a crime, the legal presumption is that he is
    innocent, and he is entitled to have this presumption sub-
    mitted to and considered by the jury.

7.  An instruction that the jury must dispose of the case " upon
    a consideration of all the facts and circumstances of the
    case appearing in evidence," excludes from their considera-
    tion any presumption of innocence.

8.  Where the plaintiff claims damages in respect to several dis-
    tinct matters and the court instructs the jury to lay out of
    the case one of those matters, that is equivalent to an
    instruction that the plaintiff is not entitled to damages in
    respect of that matter.

Case for deceit.  Plea, the general issue.  Trial by jury
at the June term, 1892, Bennington county, MUNSON, J.,
presiding.  Verdict and judgment for the plaintiff.  The
defendant excepts.

The plaintiff alleged in his declaration that the defendant
fraudulently represented to him that he, defendant, owned
certain land, five shares of Fitchburg railroad stock and two
horses, all free from encumbrance, and that he would give
the plaintiff a lien on said property if the plaintiff would
endorse for him a note for six hundred dollars; that the
plaintiff did endorse said note relying upon such representa-
tions; but that the land was encumbered for its full value
and that the defendant did not own the railroad stock and
horses, whereby he had lost the amount of said note.

For the purpose of making out his case the plaintiff
called the defendant as the witness.  The court, under the
exception of the defendant, without first adjudging that he
was an adverse or hostile witness in the common law sense
of that term, permitted the plaintiff to ask and compelled the
defendant to answer leading questions.

The facts alleged in the declaration would constitute a
crime upon the part of the defendant.  At the time of the
trial the statute of limitations had become a bar to the pros-
ecution of that crime.  The plaintiff was permitted to show,
under the defendant's exception, that before the statute had
so become a bar he attempted to take the deposition of the

defendant in the state of New York for use in this case; that the defendant then claimed that inasmuch as the facts charged in the declaration amounted to a crime upon his part, he was privileged from testifying in reference to them; that the New York court sustained this claim and that the deposition was not taken.

In argument counsel for the plaintiff urged that the act of the defendant in so claiming his privilege was a solemn declaration that he was guilty of the acts charged; the court told the jury that it was a circumstance to be considered, but was not to be taken necessarily as a confession of guilt; to all of which the defendant excepted.

For the purpose of showing that the lands were in fact encumbered to the knowledge of the defendant at the time of the representations to the plaintiff, the plaintiff called C. H. Mason, who was acting for him as an attorney in the trial of this case, and showed by him, against the exception of the defendant, that before that time he had drawn two deeds of this same property from the defendant to different grantees. Mr. Mason testified that in each case the charge for his services was made to the defendant; that in case of the first deed the defendant and one of the two grantees came to his office together for the purpose of having it drawn and remained there while it was being drawn and executed; that in case of the second the defendant and the attorney of the grantee were present while it was drawn and executed; that he had previously acted as the attorney of the defendant in other matters not connected with this land, and that after the deeds had been drawn and delivered the defendant on one occasion requested him to say nothing about having drawn them.

The court admitted the evidence after having heard the foregoing testimony as to the circumstances under which the deeds were drawn.

*C. H. Darling* for the defendant.

Evidence that the party claimed his privilege in the state of New York is inadmissible. *Carne* v. *Litchfield*, 2 Mich. 340; *Phelin* v. *Kinderline*, 20 Pa. St. 354; *Mayo* v. *Mayo*, 119 Mass. 290; *Lloyd* v. *Passingham*, 16 Ves. 64; *State* v. *Bailey*, 54 Iowa 414.

The testimony of Mason referred to a privileged communication. *Arbuckle* v. *Templeton*, 65 Vt. 205; *Hick's Estate* v. *Blanchard*, 60 Vt. 673; *Wetherbee et al.* v. *Ezekiel*, 25 Vt. 47; *Durkee* v. *Leland*, 4 Vt. 612; *Deitrich* v. *Mitchell*, 92 Am. Dec. 99; *Harris* v. *Dougherty*, 15 Am. St. Rep. 812; *Michael* v. *Foil*, 15 Am. St. Rep. 577 · *Kaut et al.* v. *Kessler et al.*, 7 Atl. Rep. 586.

The court should have instructed the jury that the defendant was presumed innocent. *Stevenson* v. *Gunning's Estate*, 64 Vt. 601; *Currier* v. *Richardson*, 63 Vt. 617; *Fire Assn.* v. *Merchants' Natl. Bank*, 54 Vt. 657; *Bradish* v. *Bliss*, 35 Vt. 326; *Greensboro* v. *Underhill*, 12 Vt. 604.

*Batchelder & Bates* and *W. B. Sheldon* for the plaintiff.

Defendant's evidence that he had refused to testify in New York could not tend to convict him of a crime; hence it was admissible. *Calhoun* v. *Thompson*, 28 Am. Dec. 754; *Hall* v. *State*, 40 Ala. 706; *People* v. *Mather*, 4 Wend. 250; 1 Greenl. Ev., 454; *Bull* v. *Loveland*, 10 Pick. 9; *Covy* v. *Upham*, 3 N. H. 159; *Ward* v. *Shay*, 15 Vt. 115; *Devoll* v. *Brownell*, 8 Pick. 211; *Keith* v. *Woombell*, 8 Pick. 211; *Woburn* v. *Henshaw*, 101 Mass. 193; *Andrews* v. *Frye*, 104 Mass. 234; *Commonwealth* v. *Nichols*, 114 Mass. 258.

Mason was not the legal adviser of the defendant in the drawing of the deeds. *Foster* v. *Hall*, 12 Pick. 93; *Hatter* v. *Robinson*, 14 Pick. 16; *Wetherbee* v. *Ezekiel*, 25 Vt. 47; *Thompson* v. *Kilborne*, 28 Vt. 750; *Earl* v. *Grout*, 46

20

Vt. 113 ; *Dixon* v. *Parmelee*, 2 Vt. 185 ; *Cobdon* v. *Kendrick*, 4 Term R. 422 ; Lord Say and Seal's Case, 10 Mod. 40 ; *Doe* v. *Andrews*, Cowper 846.

TAFT, J. I. The plaintiff called the defendant as a witness and was permitted to examine him under the rules applicable to the cross-examination of witnesses. This right was given the plaintiff by R. L., s. 1009, and in enforcing it the court did not err.

II. Facts are alleged in the declaration, which, if true, constitute a crime. At the time of the trial the statute barred any prosecution, and the defendant, called by the plaintiff, testified in relation to the alleged facts. Under exception he was asked if when a certain deposition was taken in New York, to be used in the cause on trial, and before the statute barred the prosecution of the defendant, he did not decline to answer certain questions relative to the alleged facts, upon the ground that the answers might tend to criminate him, and he answered in the affirmative. Under like exception counsel were permitted to argue that the fact that the defendant so claimed such privilege, was in effect a solemn declaration under oath that he was guilty of the act charged. The jury were told by the court that claiming the privilege was not necessarily a confession of guilt, but was a circumstance to be considered ; that a man entirely innocent might under some circumstances claim the privilege, etc., and to this part of the charge an exception was taken. No authority cited upon this point sustains the principle contended for by the defendant. Each case is one in which the witness was, at the time of his examination, entitled to the privilege, and availed himself of it, and the doctrine is announced in most of them that no inference of guilt can be drawn by the jury from the legal assertion by the witness of a constitutional right. That the allowance of the privilege would be a mockery of justice if either party can be affected

injuriously by it. At the time of trial in the case at bar the witness was entitled to no privilege; the statute barred any criminal prosecution; he was examined fully in regard to all the facts in controversy; we think there was no error in permitting the plaintiff to show that the defendant had on a former occasion availed himself of the privilege as tending to show him guilty of the facts alleged, in permitting counsel to comment on the testimony, nor in the charge of the court upon the subject. The fact that the witness availed himself of the privilege on some former occasion tended to show an admission of guilt, and it seems to us illogical to say that one may be examined in relation to all the facts and circumstances in a case, but not in respect to an admission as to such facts. The defendant's refusal to testify in New York was upon the ground that his answers, if truthful, would tend to criminate him. Hence his refusal was a fact proper to be shown to, and considered by, the jury, upon the question of whether the facts alleged in the declaration were true or not, and the court below gave it its true force and scope. There was no error upon this point.

III. Exception was taken to the admission of the testimony of Mr. Mason, an attorney, upon the ground that the matters testified to were privileged. The general rule in respect to such matters is well understood. Communications made by a party to his attorney in regard to any matter upon which he consults the latter, and papers entrusted to the attorney, in the course of the client's business, are privileged. The attorney must be acting as the legal adviser of the party at the time. *Coon* v. *Swan*, 30 Vt. 6. The communication must be to the attorney confidentially as counsel. *Earle* v. *Grout*, 46 Vt. 113. The evidence tended to show that the defendant did not consult Mr. Mason professionally, did not advise with him in respect to any matter, but that Mr. Mason, although an attorney, acted as a mere scrivener, simply drew the deed, no advice being given nor asked. In

other words, the testimony tended to show that the communication was not privileged. Whether it was so or not, was a preliminary question addressed to the trial court, and not revisable here. The court found it was not privileged and its action is conclusive. It may have erred but we cannot revise its findings.

IV. The defendant requested the court to charge that "the legal presumption is that the defendant is not guilty and he is entitled to have this presumption weighed in his favor." When, in the trial of a civil cause, a person is charged with fraud, dishonesty, or crime, there is a legal presumption that he is innocent, and he is entitled to have such presumption considered by the jury in connection with the evidence in the case. *Greensboro* v. *Underhill*, 12 Vt. 604; *Bradish* v. *Bliss*, 35 Vt. 326; *Weston* v. *Gravlin*, 49 Vt. 507; *Fire Assn.* v. *Bank*, 54 Vt. 657; *Currier* v. *Richardson*, 63 Vt. 617; *Stevenson* v. *Gunning's Est.*, 64 Vt. 601. The right of the party charged with fraud, etc., to have the jury so instructed has generally been recognized and acted upon, and no case in mind holds differently, unless *Weston* v. *Gravlin*, *supra*, is an exception. In that case the court said that it was not error in the trial court to decline to call the attention of the jury to the fact that such presumption existed; but this is not in accord with the other cases cited. The rule is now generally recognized that the jury should be told that the presumption exists. The plaintiff does not contend that such is not the law but insists that the jury were so instructed. A majority of the court are of the opinion that the request was not complied with. The jury were told that the case must be disposed of "upon a consideration of all the facts and circumstances of the case appearing in evidence," thus excluding any presumption of innocence.

V. Whether there was error in the charge of the court in respect to the California land is immaterial, for the court

said to the jury, " The matter of the California land you may lay out of the case so far as it has been presented and relied upon as a matter of recovery." We presume the jury followed the instructions, naught else appearing ; and as no damages were returned for the California land, the defendant was not harmed. We have no occasion therefore to discuss the charge.

*Judgment reversed and cause remanded.*