MABLE MUELLER v. MILA BATCHELER ET AL., Appellants.

**Agreement to will:** CONSIDERATION: SPECIFIC PERFORMANCE. The
1  agreement of the wife, that in consideration for the conveyance
   ·to her by the husband of all his property, to will the same to a
   certain person upon her death in case she is the survivor is
   supported by a sufficient consideration; and she in fact sur-
   viving, the obligation of the husband became immaterial in an
   action against her heirs to enforce the agreement.

**Privileged communications.**  Neither the communications to an at-
2  torney simply instructing him with reference to the drawing
   of certain conveyances, nor the conversation of the parties
   relating thereto had in his presence, are privileged.

*Appeal from Clinton District Court.*— HON. JAMES W. BOL-
LINGER, Judge.

WEDNESDAY, OCTOBER 17, 1906.

ACTION to specifically enforce as against defendants, who
are the heirs of Mrs. L. M. Knight, deceased, an agreement
made between Mrs. Knight and her husband, also deceased,
by which she agreed to will, devise, and bequeath to the plain-
tiff all the property, real and personal, belonging to her at the
time of her death, and to quiet the title of plaintiff as against
said heirs to certain described real estate and personal prop-
erty.   Defendants resisted the enforcement of the alleged
contract, and, as the result of ·a trial on the merits, the court
entered a decree for plaintiff, from which defendants ap-
peal.— *Affirmed.*

*Struble & Stiger,* for appellants.

*C. H. George* and *Wolfe & Wolfe,* for appellee.

McCLAIN, C. J.— The finding of the court is that in 1900 William C. Knight executed and delivered a deed in favor of his wife, L. M. Knight, to the real estate, and bill of sale to the personal property, of which he was then seised or possessed, and that as a part of the same transaction Mrs. L. M. Knight executed and delivered in favor of William C. Knight a deed to all the real estate of which she was the owner, the mutual agreement being that the survivor of them on the death of the other was to own all the property, the deed executed by the survivor to be destroyed, and that the survivor should · give either by deed or by will all the property which such survivor should own at the time of his or her death, to the plaintiff in this action, the inducement causing William C. Knight to execute his deed and bill of sale being the promise made by L. M. Knight to convey, give, or will before she should die to the plaintiff all the property that said L. M. Knight should be possessed of at the time of her death, whether obtained from said William C. Knight or otherwise; that William C. Knight subsequently died intestate in the year 1900, and L. M. Knight died also intestate in the year 1904, the owner of the real and personal property which plaintiff claims in this action.   The appellant complains of the decree of the court entered in pursuance of this finding, to the effect that as against defendants, the heirs of Mrs. L. M. Knight, the plaintiff is the rightful owner of and entitled to such real estate and personal property, and confirming the title in her, on the grounds: First, that the evidence does not support the. finding of the court that it was a part of the agreement between William C. and L. M. Knight that in the event of the former becoming the survivor he was to give all his property to the plaintiff, and that the contract as proved did not in this respect correspond to the allegations of the petition; and, second, that the decree was founded on incompetent testimony of an attorney consulted and advised with by L. M. Knight and William C. Knight, with reference to their mutual agreement.

I.   Conceding that the testimony does not show it to have been a part of the mutual agreement between William C. Knight and L. M. Knight that William C. Knight should

**1. AGREEMENT TO WILL: consideration: specific performance.**   in the event of his surviving his wife convey or will his property to plaintiff, we think the discrepancy between the evidence and the allegations of the petition in this respect is wholly immaterial. We are not concerned now with what the obligations of William C. Knight would have been had he been the survivor. If the evidence shows that L. M. Knight bound herself, in consideration of the conveyance to her by her husband of all his real and personal property, to deed or will all the property which she should have at the time of her death to the plaintiff, the contract was supported on a sufficient consideration, and the particular terms of the agreement so far as they involved any obligation on the part of William C. Knight in the event of his being the survivor and taking the property of his wife by her deed to him would be wholly immaterial.   Counsel for appellant do not question the power of the court to enforce the agreement of Mrs. Knight, if established, and we need not therefore enter into a discussion of the power of a court of equity to specifically enforce an oral agreement to make a will.   Nor is it necessary that we discuss the question as to plaintiff's right to enforce the provisions of such a contract made in her behalf, although she was not a party to the contract or the consideration.   No questions of this kind are presented in appellant's argument.

II.   Over defendant's objections, the court received the testimony of one Damon, an attorney, who drew up the instruments of mutual conveyance and sale, as to the conversations in his presence between William C.

**2. PRIVILEGED communications.**   Knight and his wife relating to the purposes for which these conveyances were made, and the oral promises of the parties to transfer to plaintiff all property of the survivor.   But the conversations and communications to which the testimony of the witness related

do not appear to have been by way of consultation with, or the procuring of advice from, Damon as a lawyer, but for the purpose of instructing him as to the drafting of the instruments which he was called upon to prepare for the purpose of carrying out the intention of the parties already formed.   No communications seem to have been made to him as an attorney or legal adviser.   He was simply called upon as a scrivener or conveyancer to prepare the particular instruments.   Indeed, he does not seem to have been consulted with reference to the form of the instruments to be adopted in carrying out the purposes of the parties, nor as to their legal effect.   It is clear under the authorities that an attorney acting as a mere scrivener in the preparation of instruments under directions given to him is not within the scope of the rule excluding the testimony of an attorney as to privileged communications.   *Toms v. Beebe,* 90 Iowa, 612; *Theisen v. Dayton,* 82 Iowa, 74; *Wasson v. Millsap,* 77 Iowa, 762; *Smith v. Long,* 106 Ill. 485; *Hebbard v. Haughian,* 70 N. Y. 54; *Childs v. Merrill,* 66 Vt. 302 (29 Atl. 532); *O'Brien v. Spalding,* 102 Ga. 490 (31 S. E. 100, 66 Am. St. Rep. 202 and note); 4 Wigmore, Evidence, section 2297.

Moreover, the communications made by these parties to each other in the presence of the attorney were not privileged so far as the attorney was concerned.   To constitute privileged communication to an attorney, there must be some element of confidence imposed, or presumed to be imposed, in the attorney himself.   The privilege "does not apply to a case where two or more persons consult an attorney for their mutual benefit."   *Hurlburt v. Hurlburt,* 128 N. Y. 420 (28 N. E. 651, 26 Am. St. Rep. 482).   And see 4 Wigmore, Evidence, section 2311.   We reach the conclusion that the directions given to the witness Damon in drafting the instruments, and the conversations between Willian C. Knight and his wife in Damon's presence as to the obligations assumed in consequence of the making of such conveyances, were not

confidential communications " intrusted to him in his profes-
sional capacity and necessary and proper to enable him to
discharge the functions of his office according to the usual
course of practice," within the scope of the language of Code,
section 4608.

The decree of the trial court is *affirmed*.