Gerald L. BLACKMAN and Judy Ann
Blackman, Appellees,

v.

Laurence C. FOLSOM, and Opal C. Folsom,
Appellants.

No. 132.

Supreme Court of Iowa.

Sept. 19, 1972.

Kindig, Beebe, McCluhan, Rawlings &
Carter, Sioux City, for appellants.

Prichard & Prichard, Onawa, for appel-
lees.

LeGRAND, Justice.

This litigation involves the reformation
of a written contract by which defendants
sold to plaintiffs a business known as
"Opal's Beauty Salon" together with all
fixtures, equipment, and good will.

Prior to the sale this business had been
operated for some time by Opal C. Folsom,
one of the defendants. Approximately
four years after the sale she opened a new
beauty shop near the one sold to plaintiffs,
who assert this violated defendants' agree-
ment not to compete. The written contract
of sale contained no restriction against
competition, but plaintiffs contend it had
been omitted by mutual mistake. They
brought this action in equity to reform the
contract to include the no-competition
clause. The trial court found for plain-
tiffs and ordered the contract reformed to
include this provision:

"Defendants shall not compete with
plaintiffs as owners, operators or beauti-
cians in a beauty shop within 30 miles
from Onawa, Iowa, for a period of 10
years from April 1, 1966."

Defendants appeal and we affirm the trial
court.

■ Agreements not to compete and
those imposing restrictions on the circum-
stances under which one may work are in
restraint of trade. As such, they are
strictly construed against the one seeking
to restrain another from pursuing his pro-

fession, business or employment. Usually the paramount issues in these disputes are the reasonableness of the restriction and the circumstances under which relief should be granted. See Kunz v. Bock, 163 N.W.2d 442, 446, 447 (Iowa 1968); Baker v. Starkey, 259 Iowa 480, 489, 144 N.W.2d 889, 894 (1966); Cogley Clinic v. Martini, 253 Iowa 541, 546, 112 N.W.2d 678, 681 (1962); Federated Mutual Implement and Hardware Insurance Co. v. Erickson, 252 Iowa 1208, 1213, 110 N.W.2d 264, 267 (1961).

However, as this appeal comes to us, we need not concern ourselves with these matters. Defendants urge only one proposition for reversal—error in considering the testimony of plaintiffs that there was an oral agreement not to compete. They argue this was in violation of the parol evidence rule. We consider the appeal solely on this narrow issue.

Plaintiffs' petition asserted the provision not to compete was omitted from the contract by mutual mistake of the parties. They testified they "thought" it was in the signed agreement. They further stated flatly they would not have signed the contract had they realized the clause was not included. No claim is made that plaintiffs are estopped by their own negligence in failing to ascertain the contents of the contract before signing. See Akkerman v. Gersema, 260 Iowa 432, 441, 149 N.W.2d 856, 861 (1967).

The attorney who drew the contract was uncertain concerning the matters in dispute. He recalled there was "some discussion" about a no-competition agreement. However, he was unable to say whether the parties instructed him to include such a provision in the contract. Neither defendant testified; nor did they produce other evidence to refute plaintiffs' claim.

Plaintiffs must stand or fall on their own testimony of an agreement not to compete which—according to them—was to be a part of the written contract ultimately signed. They rely on the equitable doctrine of mutual mistake of fact, which, if shown by clear and satisfactory evidence, permits reformation of a contract to reflect the actual agreement of the parties. Akkerman v. Gersema, supra, 260 Iowa at 438, 149 N.W.2d at 859.

As already noted, defendants do not challenge this rule nor do they dispute the sufficiency of the evidence here to establish it by the required quantum of proof. They say only that plaintiffs' testimony may not be considered because it violates the parol evidence rule.

■ We hold, as did the trial court, parol evidence is admissible in an equitable action for reformation of a contract to establish fraud or mistake. In the absence of such a salutary exception to the parol evidence rule, it would be virtually impossible to establish the grounds relied on. 45 Am.Jur., Reformation of Instruments, section 113, page 650; 3 Corbin on Contracts, section 580, page 431, 437; Restatement, Contracts, section 238, page 333–334; 13 Williston on Contracts (Third Ed.—Jaeger), section 1552, page 210; Reed v. Harvey, 253 Iowa 10, 22, 110 N.W.2d 442, 449 (1961); Schmidt v. Schurke, 238 Iowa 121, 124, 25 N.W.2d 876, 878 (1947); Olsen v. Olsen, 236 Iowa 313, 317, 18 N.W.2d 602, 604 (1945). Cf. Gordon v. Witthauer, 258 Iowa 617, 138 N.W.2d 918 (1965).

■ We hold the testimony of plaintiffs was properly admitted and considered in determining whether the contract should be reformed because of mutual mistake of fact. The judgment is therefore affirmed.

Affirmed.

All Justices concur, except RAWLINGS, J., who takes no part.